UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Dustin Shirley, *on behalf of himself and all others similarly situated*,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Rocket Mortgage, LLC,<br><br>　　　　　　Defendant. | Civil Action No.: _____<br><br><br>**CLASS ACTION COMPLAINT** |

For this Class Action Complaint, the Plaintiff, Dustin Shirley, by undersigned counsel, on behalf of himself and a class of similarly situated persons, alleges as follows:

## INTRODUCTION

1. Plaintiff, Dustin Shirley ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant Rocket Mortgage, LLC ("Defendant" or "Rocket Mortgage").

2. Defendant placed repeated telemarketing text messages and calls to Plaintiff's cellular telephone – over Plaintiff's repeated requests for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy.

3. Rocket Mortgage is "America's largest mortgage lender." https://www.rocketmortgage.com/about (last visited Dec. 21, 2021).

4. In an effort to make more mortgage loans, Rocket Mortgage operates an aggressive telemarketing campaign where it repeatedly sends text messages and places calls to telephone numbers that have been placed on the National Do-Not-Call Registry and over the called party's objections.

5. Indeed, Plaintiff's cellular telephone has been listed on the National Do-Not-Call Registry since 2013 and Plaintiff has advised Rocket Mortgage that he is not interested in Rocket Mortgage's services yet Rocket Mortgage has nonetheless placed repeated telemarketing text messages and calls to Plaintiff encouraging him to call Defendant or visit its website regarding Defendant's "Cyber Monday Sale" and to "Get a lower monthly payment this holiday season." Moreover, when Plaintiff messaged Rocket Mortgage to "Stop" sending him text messages, Rocket Mortgage ignored the request and continued to inundate him with telemarketing messages.

6. Accordingly, Plaintiff seeks represent a class of similarly situated persons who have also received unwanted telemarketing text messages and calls from Rocket Mortgage, and to certify the following class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were called or sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to call the person or (b) the called person previously advised Defendant to "STOP" calling them.

## JURISDICTION

7. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200(c)(2).

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

9. Plaintiff, Dustin Shirley ("Plaintiff"), is an adult individual residing in Fort

2

Worth, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant Rocket Mortgage, LLC ("Rocket"), is a Michigan business entity with an address of 40600 Ann Arbor Road E., Suite 201, Plymouth, Michigan, and is a "person" as defined by 47 U.S.C. § 153(39).

## THE NATIONAL DO-NOT-CALL REGISTRY

11. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

14. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages. *See Gulden v. Liberty Home Guard LLC*, 2021 WL 689912, at *4–5 (D. Ariz. Feb. 23, 2021).

## FACTUAL ALLEGATIONS

15. Plaintiff's cellular number, 817-XXX-7546, has been registered with the National Do-Not-Call Registry since February 19, 2013.

16. Plaintiff uses his cellular telephone as his residential telephone number.

17. Within the last year, Defendant initiated repeated telephone solicitations to Plaintiff's cellular telephone by placing calls and sending repeated text messages marketing,

3

advertising and promoting Defendant's business and services. Representative text messages are reproduced below:



18. In or around the summer of 2020 Plaintiff advised Defendant that he was not interested in Defendant's services.

19. Moreover, on November 23, 2021, Plaintiff messaged Defendant to "STOP" contacting him.

20. Despite Plaintiff's unequivocal instructions that Defendant stop placing telemarketing calls or text messages to Plaintiff, Defendant continued to place repeated telemarketing text messages to Plaintiff's cellular telephone thereafter.

21. None of Defendant's messages or calls to Plaintiff's cellular were for an emergency purpose.

22. Plaintiff was damaged by Defendant's text messages and calls. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages and calls, forcing Plaintiff to divert attention away from Plaintiff's work and other activities.

## CLASS ACTION ALLEGATIONS

### A. The Class

23. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

24. Plaintiff represents, and is a member of the following class (the "Class"):

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were called or sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to call the person or (b) the called person previously advised Defendant to "STOP" calling them.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

### B. Numerosity

26. Upon information and belief, Defendant placed telemarketing calls and messages to telephone numbers registered on the National Do Not Call List belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such calls and/or such persons had previously asked Defendant to cease calling. The members of the

Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

27. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C. **Common Questions of Law and Fact**

28. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's messages and calls to members of the Class were placed for telemarketing purposes;

   b. Whether Defendant can meet its burden of showing it obtained prior express written consent to place each telemarketing message or call;

   c. Whether the messages and calls made to Plaintiff and Class Members violate the Do Not Call Registry rules and regulations;

   d. Whether Defendant's conduct was knowing and/or willful;

   e. Whether Defendant is liable for damages, and the amount of such damages; and

   f. Whether Defendant should be enjoined from such conduct in the future.

29. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages and calls to cellular telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the calls, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

D. **Typicality**

30. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

E. **Protecting the Interests of the Class Members**

31. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA.  Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

F. **Proceeding Via Class Action is Superior and Advisable**

32. A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

**COUNT I**
**VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))**

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. Plaintiff brings this claim on behalf of herself and the Class.

35. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

36. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

37. Defendant initiated more than one telephone solicitation text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

38. Each of the aforementioned messages and calls by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by

39. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

40. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

41. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant violated the TCPA; and
- Defendant initiated more than one telephone solicitation text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

**COUNT II**
**Willful Violations of the Telephone Consumer Protection Act,**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))**

42. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

43. Plaintiff brings this claim on behalf of herself and the Class.

44. Defendant knowingly and/or willfully Defendant initiated more than one telephone solicitation text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

45. Each of the aforementioned calls by Defendant constitutes a knowing and willful violation of the TCPA.

46. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message or call sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

47. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

48. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and

- other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

- It is Defendant's practice and history to place prerecorded and artificial voice telemarketing calls to persons without their prior express consent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

C. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: December 27, 2021

                                                 Respectfully submitted,
By */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
E-mail: slemberg@lemberglaw.com
Attorneys for Plaintiff