# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Dustin Shirley, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Rocket Mortgage, LLC,<br><br>Defendant. | Case No. 2:21-cv-13007-SFC-KGA<br><br>Hon. Judge Sean F. Cox<br>     U.S. District Judge<br><br>Hon. Kimberly G. Altman<br>     U.S. Magistrate Judge<br><br>**ORAL ARGUMENT<br>          REQUESTED** |

## ROCKET MORTGAGE, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 8 and 12(b)(6), Rocket Mortgage, LLC ("Rocket Mortgage") hereby moves to dismiss Plaintiff Dustin Shirley's ("Plaintiff" or "Shirley") Complaint (ECF No. 1) because it fails to state a claim for a violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq*. The grounds for this Motion are set forth in the accompanying Memorandum of Law. Rocket Mortgage files this Motion in the alternative and without prejudice to its contemporaneously filed Motion to Compel Arbitration (ECF No. 9).

Pursuant to Local Rule 7.1(a), Rocket Mortgage's undersigned counsel certifies that counsel conferred with counsel for Plaintiff, explaining the nature of the relief to be sought by the Motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

Respectfully submitted,

/s/ *W. Kyle Tayman*

W. Kyle Tayman
Brooks R. Brown
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com

Jeffrey B. Morganroth (P41670)
jmorganroth@morganrothlaw.com
MORGANROTH AND MORGANROTH PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

*Counsel for Rocket Mortgage, LLC*

Dated:  February 28, 2022

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| Dustin Shirley, *on behalf of himself and others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Rocket Mortgage, LLC,<br><br>　　　　　Defendant. | Case No. 2:21-cv-13007-SFC-KGA<br><br>Hon. Judge Sean F. Cox<br>　　　U.S. District Judge<br><br>Hon. Kimberly G. Altman<br>　　　U.S. Magistrate Judge |

**MEMORANDUM OF LAW IN SUPPORT OF ROCKET
MORTGAGE, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

**Page**

**ISSUES PRESENTED**....................................................................................... iv

**CONTROLLING OR MOST APPROPRIATE AUTHORITIES**......................v

**INTRODUCTION**...............................................................................................1

**BACKGROUND** ...............................................................................................3

**LEGAL STANDARD** .......................................................................................4

**ARGUMENT**......................................................................................................5

   I.     **Plaintiff Fails To State a TCPA Claim.** .......................................................5

   II.    **Count II Is Not a Separate Cause of Action.**................................................8

**CONCLUSION**..................................................................................................9

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).......................................................................................4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)....................................................................................4, 6

*Bristow v. Am. Nat'l Ins. Co.*,
    No. 2:20-cv-10752, 2021 WL 2201171 (E.D. Mich. June 1, 2021).................8, 9

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
    648 F.3d 365 (6th Cir. 2011) .........................................................................4

*Lopreato v. Select Specialty Hosp. N. Ky.*,
    640 F. App'x 438 (6th Cir. 2016) ..................................................................8

*Orsatti v. Quicken Loans, Inc.*,
    No. 2:15-cv-09380-SVW-AGR, 2016 WL 7650574 (C.D. Cal.
    Sept. 12, 2016) ............................................................................................7

*Pearsall v. Comenity Bank/Caesars*,
    No. 21-CV-3909, 2021 WL 5050105 (E.D. Pa. Nov. 1, 2021)..........................5

*Simmons v. Charter Commc'ns, Inc.*,
    222 F. Supp. 3d 121 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d
    Cir. 2017) ...................................................................................................7

*Van Patten v. Vertical Fitness Grp. LLC*,
    847 F.3d 1037 (9th Cir. 2017) .......................................................................6

**Statutes**

47 U.S.C. § 227(c)(5)...............................................................................................1, 4

**Other Authorities**

47. C.F.R. § 64.1200(c)(2).................................................................................1, 4, 5, 9

47 C.F.R. § 64.1200(d)(3)...........................................................................................7

47 C.F.R. § 64.1200(f)(15) ........................................................................5

Fed. R. Civ. P. 12(b)(6).............................................................................3

**ISSUES PRESENTED**

(1)     Does Count I of the Complaint fail to state a claim against Rocket Mortgage for violation of the Telephone Consumer Protection Act's do-not-call regulations because it fails to allege that Rocket Mortgage lacked permission or invitation to send the challenged text messages?

(2)     Does Count I of the Complaint fail to state a claim against Rocket Mortgage for violation of the Telephone Consumer Protection Act's do-not-call regulations because it fails to allege that Rocket Mortgage failed to honor Plaintiff's purported "stop" texting request within a reasonable period?

(3)     Does Count II of the Complaint fail to state a claim against Rocket Mortgage for willful violation of the Telephone Consumer Protection Act's do-not-call regulations because (a) it is not an independent claim at all (but rather a form or relief), (b) it is entirely derivative of and fails with Count I, and (c) it fails to allege any willful conduct by Rocket Mortgage?

iv

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1) *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

2) *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

3) *Van Patten v. Vertical Fitness Grp. LLC*, 847 F.3d 1037 (9th Cir. 2017)

4) *Orsatti v. Quicken Loans, Inc.*, No. 2:15-cv-09380-SVW-AGR, 2016 WL 7650574 (C.D. Cal. Sept. 12, 2016)

5) *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121 (D. Conn. 2016)

6) *Lopreato v. Select Specialty Hosp. N. Ky.*, 640 F. App'x 438 (6th Cir. 2016)

7) *Bristow v. Am. Nat'l Ins. Co.*, No. 2:20-cv-10752, 2021 WL 2201171 (E.D. Mich. June 1, 2021)

**INTRODUCTION**

Plaintiff Dustin Shirley brings this lawsuit against Rocket Mortgage—a multiple J.D. Power award winner for customer service in the mortgage loan industry—for alleged violations of the do-not-call regulations of the TCPA, 47 U.S.C. § 227(c)(5).  Shirley alleges that he received text messages in violation of the TCPA's regulations that prohibit certain communications to phone numbers properly registered on the National Do-Not-Call Registry, including two text messages purportedly sent after he allegedly texted "STOP" to Rocket Mortgage. As demonstrated below, the Complaint fails to state a TCPA claim and must be dismissed for multiple reasons.

First, the TCPA's do-not-call regulations prohibit placing "telephone solicitation" calls to residential telephone subscribers who have properly registered their telephone number on the National Do-Not-Call Registry without prior invitation or permission.   47. C.F.R. § 64.1200(c)(2).  Here, however, Shirley fails to plead Rocket Mortgage lacked his prior express invitation or permission to send the challenged text messages—an essential element of his claim.[1]  He has thus failed to state a cognizable claim for violation of the subject TCPA regulations in Count I.

---

[1]  This failure is not surprising because, as  Rocket Mortgage demonstrates in its contemporaneously-filed Motion to Compel Arbitration (ECF No. 9), Plaintiff not only expressly agreed to arbitrate the claims improperly brought in this lawsuit but also gave his prior consent and permission for Rocket Mortgage to send him the

Second, in apparent recognition of his failure (and, in fact, inability) to allege his lack of prior invitation or permission, Shirley may attempt to salvage his claim in Count I by reference to his allegations that he received two text messages six days after he purportedly sent a "STOP" message to Rocket Mortgage. Compl. ¶¶ 17, 19. Any such attempt must fail because even assuming the truth of Plaintiff's allegations about a "STOP" message, six days is well short of the thirty-day time period allowed by the applicable TCPA regulations to honor and implement a request not to be called. Plaintiff pleads no allegations about any communications from Rocket Mortgage outside the thirty-day window. That failure is fatal to Count I.

Third, Plaintiff's claim in Count II for a "willful" violation of the TCPA is not an independent claim at all, but instead pertains only to a form of relief. Moreover, even if it were a claim, it still fails to state a claim because (a) it is entirely derivative of and dependent upon Plaintiff's defective claim in Count I, and (b) Plaintiff has failed to allege any plausible factual allegations of willful conduct in violation of the TCPA by Rocket Mortgage (and instead improperly relies only upon the bald conclusion that Rocket Mortgage's conduct was willful).

For these reasons, the Complaint fails to state a claim and should be dismissed.

---

challenged text messages. Of course if this Court agrees that Plaintiff agreed to arbitration, then it need not reach this Motion.

## BACKGROUND[2]

In his Complaint, Plaintiff alleges that his purported cell phone number "has been listed on the National Do-Not-Call Registry since 2013." Compl. ¶ 5. He further alleges that Rocket Mortgage sent "repeated" unidentified text messages and calls to his cell phone number, but the Complaint only contains a screenshot purporting to identify a single text message from Rocket Mortgage on November 23, 2021. Compl. ¶ 17. This same screenshot also purports to show a "Stop" message sent in response to that message on November 23, 2021, and two text messages allegedly from Rocket Mortgage sent to his cellphone dated November 29, 2021. *Id.* ¶ 17. Although Plaintiff characterizes the screenshot as showing "[r]epresentative text messages" (*id.* ¶ 17), the Complaint provides no details regarding any other text messages or calls, such as the date or time of any other communications, who the unidentified communications were from, or the content of the communications. Moreover, Plaintiff does not allege that he received any text messages after November 29, 2021.

Against these sparse allegations, Plaintiff purports to assert two counts for violation of the TCPA against Rocket Mortgage: one count alleging a violation of

---

[2] As it is required to do by Fed. R. Civ. P. 12(b)(6), Rocket Mortgage treats Plaintiff's factual allegations as true for purposes of its Motion to Dismiss the Complaint only. In the event this matter proceeds beyond the Rule 12(b)(6) stage (and it should not), Rocket Mortgage reserves its right to contest Plaintiff's statement of the facts.

the TCPA's do-not-call provision, 47 U.S.C. § 227(c)(5), and the FCC's corresponding implementing regulations, 47 C.F.R. § 64.1200(c)(2); and one count asserting "Willful Violations" of the same provisions of the TCPA.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). A plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Application of these well-established principles requires that the Complaint be dismissed for failure to state a claim.

## ARGUMENT

### I.      Plaintiff Fails To State a TCPA Claim.

Plaintiff's TCPA claim rests on the National Do-Not-Call Registry regulation

set forth in 47 C.F.R. § 64.1200(c)(2).  Compl. ¶ 33.  This provision prohibits

"telephone solicitations" to "a residential telephone subscriber who has registered

his or her telephone number on the national do-not-call registry."  47 C.F.R.

§ 64.1200(c)(2).  A "telephone solicitation" is defined as "a telephone call or

message for the purpose of encouraging the purchase or rental of, or investment in,

property, goods, or services . . .  but such term does not include a call or message:

(i) [t]o any person with that person's prior express invitation or permission."  47

C.F.R.  § 64.1200(f)(15).   Here, Plaintiff's  claim  should  be  dismissed  for  the

principal reason that he fails to plead that he is challenging a telephone solicitation

within the regulatory definition.

Although Plaintiff alleges he received "repeated telephone solicitations," the

Complaint identifies only three text messages with any particularity in a single

screenshot. Compl. ¶ 17. Plaintiff, however, does not allege that those text messages

were "telephone solicitations" within the meaning of the regulation's definition.  47

C.F.R.  § 64.1200(f)(15).   Specifically,  the  Complaint  nowhere  pleads  that  the

messages were sent without his invitation or permission.  *See Pearsall v. Comenity*

*Bank/Caesars*, No. 21-CV-3909, 2021 WL 5050105, at*4 (E.D. Pa. Nov. 1, 2021)

(dismissing  TCPA  do-not-call  claim  where,  although  plaintiff  alleged  that  she

received "over 200 calls," she failed to allege "that she did not consent to receive the calls"). Instead in a tacit admission that he did in fact provide his prior invitation and permission for Rocket Mortgage to call and text him, Plaintiff alleges only that sometime a year-and-a-half prior to the November 2021 messages he purportedly informed some unidentified Rocket Mortgage team member (employee) by unidentified means that he was "not interested" in its services. Compl. ¶ 18. Even apart from Plaintiff's failure to plead the requisite factual allegations necessary to move his vague and conclusory assertion across the line from possible to plausible (*Twombly*, 550 U.S. at 570), a generalized statement about a lack of interest is not, as matter law, sufficient to revoke his prior invitation or permission for communications from Rocket Mortgage because it contains no clear expression of a desire not be called or texted. *See Van Patten v. Vertical Fitness Grp. LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017) ("Revocation of consent must be clearly made and express a desire not to be called or texted."). As such, the only plausible inference to be drawn from Plaintiff's allegations is that he did invite and give permission for Rocket Mortgage to call or text him.[3] Given this, and in the absence of any factual allegation in the Complaint that the challenged messages were made without

---

[3] In fact, if this matter proceeds beyond the pleadings stage (and it should not), Rocket Mortgage intends to demonstrate that Plaintiff provided his invitation or permission for communications from Rocket Mortgage on multiple occasions, including in August 2021 when he also agreed to arbitrate.

6

Plaintiff's invitation or permission, Plaintiff has failed to plead the requisite "telephone solicitations" element of his claim.

Unable to point to any factual allegations in his Complaint that the challenged communications were made without Plaintiff's prior invitation or permission, Rocket Mortgage anticipates that Plaintiff will invite this Court to allow his claim in Count I to proceed based his allegations that he purportedly texted "Stop" before receiving two text messages on November 29, 2021.  This Court should decline that invitation as a matter of law.  Even if those messages could be considered "telephone solicitations" (and they should not), they cannot save Count I under the applicable regulatory safe harbor.  That safe harbor expressly provides a caller a "reasonable time," not to exceed 30 days, to honor a recipient's do-not-call request.  47 C.F.R. § 64.1200(d)(3).

Here, Plaintiff alleges he texted "Stop" to Rocket Mortgage on November 23, 2021 and that Rocket Mortgage sent only two additional texts six days later (just two business days later because of the intervening Thanksgiving holiday), and no text messages thereafter.  The alleged time of those two text communications falls well short of the up-to-thirty-day period allowed under the regulation and recognized by courts as a reasonable time period to honor do-not-call requests.  *Orsatti v. Quicken Loans, Inc.*, No. 2:15-cv-09380-SVW-AGR, 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016) (dismissing claim based on subsequent call in same calendar month

as do-not-call request); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016) (rejecting claim when Defendant honored do-not-call request within thirty days), *aff'd*, 686 F. App'x 48 (2d Cir. 2017).

In short, Plaintiff fails to plead Rocket Mortgage lacked his invitation or permission to contact him, and fails to plead that Rocket Mortgage failed to honor his alleged subsequent revocation of consent within a reasonable time period. For these reasons, Count I of the Complaint fails to state a claim and should be dismissed.

## II.   Count II Is Not a Separate Cause of Action.

In Count II, Plaintiff purports to assert a cause of action for "willful" violations under the TCPA. That "claim" is defective in multiple respects, and so cannot save this lawsuit.

First, punitive damage awards for "willful" violations of the TCPA are, by definition, a remedy and not an independent cause of action. *Lopreato v. Select Specialty Hosp. N. Ky.*, 640 F. App'x 438, 444-45 (6th Cir. 2016) ("[P]unitive damages claims … are 'not separate cause[s] of action, but … remed[ies] potentially available for another cause of action.'" (quoting *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012)).

Second, Plaintiff's "claim" for "willful" violations is entirely derivative of his defective TCPA claim in Count I, and so fails with that claim. *Bristow v. Am. Nat'l Ins. Co.*, No. 2:20-cv-10752, 2021 WL 2201171, at *2 (E.D. Mich. June 1, 2021)

(denying leave to amend complaint to add willful violation "claim" where TCPA claim would not survive dismissal).

Finally, Plaintiff fails to plead any factual allegation of the requisite "willful or knowing violation" of the TCPA by Rocket Mortgage.   There are, for example, no factual allegations that Rocket Mortgage was aware that it was allegedly violating the TCPA or willfully did so. *Bristow*, 2021 WL 2201171, at *2 ("[S]*omething more* than a mere violation [of the TCPA] is required in order to elevate it to a willful or knowing one, lest *every* violation be subject to the treble damage provision . . .") (emphasis in original).   Here, Plaintiff's mere allegation that he received a text message in violation of 47 C.F.R. § 64.1200(c)(2) falls far short of alleging knowledge or willful conduct on the part of Rocket Mortgage.   *Id.* (rejecting allegation that failure to check national Do Not Call Registry alone constitutes willful violation).

## CONCLUSION

For the foregoing reasons, Rocket Mortgage respectfully requests that this Court grant its Motion and dismiss the Complaint for failure to state a claim upon which relief can be granted.

9

Respectfully submitted,

/s/ *W. Kyle Tayman*

W. Kyle Tayman
Brooks R. Brown
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com

Jeffrey B. Morganroth (P41670)
jmorganroth@morganrothlaw.com
MORGANROTH AND MORGANROTH PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

*Counsel for Rocket Mortgage, LLC*

Dated:  February 28, 2022

# LOCAL RULE CERTIFICATION

I, W. Kyle Tayman, certify that Rocket Mortgage's Motion to Dismiss complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length pursuant to Local Rule 7.1(d)(3)(a).

/s/ *W. Kyle Tayman*
W. Kyle Tayman

11

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 28, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *W. Kyle Tayman*
W. Kyle Tayman