UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Dustin Shirley, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> Rocket Mortgage, LLC, <br><br> Defendant. | Civil Action No.: 2:21-cv-13007-SFC-KGA <br><br><br> **FIRST AMENDED CLASS ACTION COMPLAINT** |

For this First Amended Class Action Complaint, pursuant to the Court's March 3, 2022 Order (Dkt. No. 11), the Plaintiff, Dustin Shirley, by undersigned counsel, on behalf of himself and a class of similarly situated persons, alleges as follows:

## INTRODUCTION

1. Plaintiff, Dustin Shirley ("Plaintiff"), brings this class action for damages resulting from the illegal actions of Defendant Rocket Mortgage, LLC ("Defendant" or "Rocket Mortgage").

2. Defendant placed repeated telemarketing text messages and calls to Plaintiff's cellular telephone – over Plaintiff's repeated requests for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy.

3. Rocket Mortgage is "America's largest mortgage lender." https://www.rocketmortgage.com/about (last visited Dec. 21, 2021).

4. In an effort to make more mortgage loans, Rocket Mortgage operates an aggressive telemarketing campaign where it repeatedly sends text messages and places calls to

telephone numbers that have been placed on the National Do-Not-Call Registry and over the called party's objections.

5.    Indeed, Plaintiff's cellular telephone has been listed on the National Do-Not-Call Registry since 2013 and Plaintiff has advised Rocket Mortgage that he is not interested in Rocket Mortgage's services yet Rocket Mortgage has nonetheless placed repeated telemarketing text messages and calls to Plaintiff encouraging him to call Defendant or visit its website regarding Defendant's "Cyber Monday Sale" and to "Get a lower monthly payment this holiday season."

6.    Moreover, Defendant deliberately designed its telephone dialing systems to ignore do-not-call requests and to continue sending messages to those numbers for weeks after receiving such requests. Thus, even though Plaintiff messaged Rocket Mortgage to "Stop" sending him text messages on November 23, 2021, Rocket Mortgage ignored the request and continued to inundate him with at least eleven (11) additional telemarketing messages, including repeatedly sending Plaintiff two telemarketing messages a day and messaging Plaintiff more than three weeks later on December 16, 2021.

7.    Accordingly, Plaintiff seeks represent a class of similarly situated persons who have also received unwanted telemarketing text messages and calls from Rocket Mortgage, and to certify the following class:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were called or sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to call the person or (b) the called person previously advised Defendant to "STOP" calling them.

## JURISDICTION

8. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

10. Plaintiff, Dustin Shirley ("Plaintiff"), is an adult individual residing in Fort Worth, Texas, and is a "person" as defined by 47 U.S.C. § 153(39).

11. Defendant Rocket Mortgage, LLC ("Rocket"), is a Michigan business entity with an address of 40600 Ann Arbor Road E., Suite 201, Plymouth, Michigan, and is a "person" as defined by 47 U.S.C. § 153(39).

## THE NATIONAL DO-NOT-CALL REGISTRY

12. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

15. In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

16. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages. *See Gulden v. Liberty Home Guard LLC*, 2021 WL 689912, at *4–5 (D. Ariz. Feb. 23, 2021).

## **FACTUAL ALLEGATIONS**

17. Plaintiff's cellular number, 817-XXX-7546, has been registered with the National Do-Not-Call Registry since February 19, 2013.

18. Plaintiff uses his cellular telephone as his residential telephone number.

19. In or around the summer of 2020 Plaintiff advised Defendant that he was not interested in Defendant's services.

20. Nonetheless, within the last year, Defendant initiated repeated telephone solicitations to Plaintiff's cellular telephone by placing calls and sending repeated text messages marketing, advertising and promoting Defendant's business and services.  Representative text messages are reproduced on the following page:



21.     Defendant's text messages direct consumers to "Reply HELP for help, STOP to end texts."

22.     Thus, on November 23, 2021, Plaintiff messaged Defendant "Stop" in order to get Defendant to stop contacting him.

23.     However, despite Defendant's ability to program its telephone dialing systems to honor "Stop" requests immediately and at a minimum to cease sending additional telemarketing text messages within 24 hours of receiving a "Stop" messages – a common policy adopted by many companies that sending telemarketing messages as part of their business – Defendant instead deliberately programmed its telephone dialing systems to continue sending telemarketing messages to consumers for more than three weeks after receiving a "Stop" request.

24.     Indeed, even though Plaintiff message Defendant "Stop" on November 23, 2021, Defendant proceeded to send at least eleven (11) additional telemarketing text messages to

5

Plaintiff's cellular telephone on the following dates: November 29, 2021 at 2:38 p.m., November 29, 2021 at 6:26 p.m., November 30, 2021 at 4:43 p.m., November 30, 2021 at 5:10 p.m., December 1, 2021 at 3:12 p.m., December 1, 2021 at 3:58 p.m., December 8, 2021 at 11:55 a.m., December 8, 2021 at 2:38 p.m., December 15, 2021 at 10:09 a.m., December 15, 2021 at 1:37 p.m., and December 16, 2021 at 11:28 a.m.

25. None of Defendant's messages or calls to Plaintiff's cellular were for an emergency purpose.

26. Plaintiff was damaged by Defendant's text messages and calls. In addition to using Plaintiff's residential cellular data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages and calls, forcing Plaintiff to divert attention away from Plaintiff's work and other activities.

## CLASS ACTION ALLEGATIONS

**A. The Class**

27. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and all others similarly situated.

28. Plaintiff represents, and is a member of the following class (the "Class"):

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were called or sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to call the person or (b) the called person previously advised Defendant to "STOP" calling them.

29. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the class members number in the

several thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

B. **Numerosity**

30. Upon information and belief, Defendant placed telemarketing calls and messages to telephone numbers registered on the National Do Not Call List belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such calls and/or such persons had previously asked Defendant to cease calling. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

31. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

C. **Common Questions of Law and Fact**

32. There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members. These questions include:

   a. Whether Defendant's messages and calls to members of the Class were placed for telemarketing purposes;

   b. Whether Defendant can meet its burden of showing it obtained prior express written consent to place each telemarketing message or call;

   c. Whether the messages and calls made to Plaintiff and Class Members violate the Do Not Call Registry rules and regulations;

   d. Whether Defendant deliberately programmed its telephone dialing systems to ignore "Stop" requests and continue sending telemarketing messages to telephone numbers that had previously messaged "Stop";

  e. Whether Defendant's conduct was knowing and/or willful;

  f. Whether Defendant is liable for damages, and the amount of such damages; and

  g. Whether Defendant should be enjoined from such conduct in the future.

33. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely placed telemarketing text messages and calls to cellular telephone numbers registered on the National Do-Not-Call Registry, and over requests to stop the calls, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### D. Typicality

34. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### E. Protecting the Interests of the Class Members

35. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this action.

### F. Proceeding Via Class Action is Superior and Advisable

36. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

## COUNT I
## VIOLATIONS OF THE TCPA
## (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2) & (d)(3))

37. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. Plaintiff brings this claim on behalf of herself and the Class.

39. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

40. 47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

41. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

42. Defendant initiated more than one telephone solicitation text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the

9

National Do-Not-Call Registry at all relevant times.

43. Each of the aforementioned messages and calls by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

44. In addition, Defendant initiated more than one telephone telemarketing text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

45. Each of the aforementioned messages and calls by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

46. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each message or call sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

47. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

48. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant violated the TCPA;
- Defendant initiated more than one telephone solicitation text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and
- Defendant initiated more than one telephone telemarketing text message or call to

telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

## COUNT II
### Willful Violations of the Telephone Consumer Protection Act,
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2) & (d)(3))**

49.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

50.     Plaintiff brings this claim on behalf of herself and the Class.

51.     Defendant is fully aware at all relevant times that the telephone number it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully Defendant initiated more than one telephone solicitation text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

52.     In addition, Defendant deliberately programmed its telemarketing telephone systems to continue sending telemarketing messages to consumers for more than three weeks after receiving a "Stop" request.  Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

53.     Each of the aforementioned calls by Defendant constitutes a knowing and willful violation of the TCPA.

54. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message or call sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

55. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

56. Further, Plaintiff and the Class are entitled to and seek a declaration from Defendant that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class member's telephone numbers were registered on the National Do-Not-Call Registry at all relevant times;

- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message or call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing calls to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

A. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

B. Statutory damages of $500.00 for each and every text message or call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B);

C. Treble damages of up to $1,500.00 for each and every text message or call in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C);

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 24, 2022

> Respectfully submitted,
> By */s/ Sergei Lemberg*
> Sergei Lemberg, Esq.
> LEMBERG LAW, L.L.C.
> 43 Danbury Road, 3rd Floor
> Wilton, CT 06897
> Telephone: (203) 653-2250
> Facsimile:  (203) 653-3424
> E-mail: slemberg@lemberglaw.com
> Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

      I hereby certify that on March 24, 2022, a true and correct copy of the foregoing Motion to Extend was served electronically by the U.S. District Court for the Eastern District of Michigan Electronic Document Filing System (ECF) and that the document is available on the ECF system.

                                                                */s/ Sergei Lemberg*
                                                                 Sergei Lemberg