# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Dustin Shirley, *on behalf of himself and others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>Rocket Mortgage, LLC,<br><br>Defendant. | Case No. 2:21-cv-13007-SFC-KGA<br><br>Hon. Judge Sean F. Cox<br>    U.S. District Judge<br><br>Hon. Kimberly G. Altman<br>    U.S. Magistrate Judge<br><br>**ORAL ARGUMENT**<br>    **REQUESTED** |

## ROCKET MORTGAGE, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Fed. R. Civ. P. 8 and 12(b)(6), Rocket Mortgage, LLC ("Rocket Mortgage") hereby moves to dismiss Plaintiff Dustin Shirley's ("Plaintiff" or "Shirley") First Amended Complaint (ECF No. 14) because the same pleadings deficiencies Rocket Mortgage identified in its motion to dismiss (ECF No. 10) Shirley's original complaint (ECF No. 1) continue to infect the FAC, demonstrating that Plaintiff cannot cure them. As a result, Plaintiff still fails to state a cognizable claim against Rocket Mortgage for violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and this lawsuit should be dismissed with prejudice.

The grounds for this Motion are set forth in the accompanying Memorandum of Law. Rocket Mortgage files this Motion in the alternative and without prejudice

to its previously filed Motion to Compel Arbitration (ECF No. 9), in support of which Rocket Mortgage is contemporaneously filing its reply brief.  Of course, if this Court agrees that Plaintiff agreed to arbitration and grants the Motion to Compel Arbitration, then it need not reach this Motion.

Pursuant to Local Rule 7.1(a), Rocket Mortgage's undersigned counsel certifies that counsel conferred with counsel for Plaintiff, explaining the nature of the relief to be sought by the Motion and seeking concurrence in the relief; opposing counsel expressly denied concurrence.

Respectfully submitted,

/s/ *W. Kyle Tayman*

W. Kyle Tayman
Brooks R. Brown
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com

Jeffrey B. Morganroth (P41670)
jmorganroth@morganrothlaw.com
MORGANROTH AND MORGANROTH PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

*Counsel for Rocket Mortgage, LLC*

Dated:  April 7, 2022

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Dustin Shirley, *on behalf of himself and others similarly situated*, | Case No. 2:21-cv-13007-SFC-KGA |
| Plaintiff, | Hon. Judge Sean F. Cox<br>U.S. District Judge |
| v. | |
| Rocket Mortgage, LLC, | Hon. Kimberly G. Altman<br>U.S. Magistrate Judge |
| Defendant. | |

## MEMORANDUM OF LAW IN SUPPORT OF ROCKET MORTGAGE, LLC'S MOTION TO DISMISS  FIRST AMENDED COMPLAINT

# **TABLE OF CONTENTS**

**Page**

ISSUES PRESENTED ................................................................................................... iv

CONTROLLING OR MOST APPROPRIATE AUTHORITIES ............................ v

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................... 4

LEGAL STANDARD .................................................................................................. 6

ARGUMENT ................................................................................................................. 7

  I.   Plaintiff Fails To State a TCPA Claim under 47 C.F.R. § 64.1200(c) (Count I) .......................................................................................................................... 7

  II.  Plaintiff Fails To State a TCPA Claim under 47 C.F.R. § 64.1200(d) (Count I) ........................................................................................................................ 12

  III.  Count II Is Not a Separate Cause of Action. ............................................... 15

CONCLUSION ........................................................................................................... 16

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)......................................................................................7, 14

*Bassett v. Nat'l Collegiate Athletic Ass'n*,
  528 F.3d 426 (6th Cir. 2008) ...............................................................................9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................6, 10, 13

*Benzion v. Vivint, Inc.*,
  No. 12-61826-CIV-ZLOCH/HUNT, 2014 WL 11531368 (S.D.
  Fla. Jan. 17, 2014) ...............................................................................12, 13, 14

*Bristow v. Am. Nat'l Ins. Co.*,
  No. 2:20-cv-10752, 2021 WL 2201171 (E.D. Mich. June 1, 2021)............15, 16

*Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 813, 816 (6th Cir.
  2010) ...................................................................................................................2

*Charvat v. GVN Mich., Inc.*,
  561 F.3d 623 (6th Cir. 2009) .............................................................................12

*Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*,
  648 F.3d 365 (6th Cir. 2011) ...............................................................................7

*Hill v. Homeward Residential, Inc.*,
  799 F.3d 544 (6th Cir. 2015) ...............................................................................1

*Johnson v. City of Saginaw*,
  No. 17-cv-13174, 2017 WL 6512451 (E.D. Mich. Dec. 20, 2017)..................2, 9

*Lopreato v. Select Specialty Hosp. N. Ky.*,
  640 F. App'x 438 (6th Cir. 2016) ......................................................................15

*Nece v. Quicken Loans, Inc.*,
  No. 8:16-cv-2605-T-23CPT, 2018 WL 1326885 (M.D. Fla. Mar.
  15, 2018) ......................................................................................................3, 13

*Orsatti v. Quicken Loans, Inc.*,
   No. 2:15-cv-09380-SVW-AGR, 2016 WL 7650574 (C.D. Cal.
   Sept. 12, 2016) ................................................................................................11

*Pearsall v. Comenity Bank/Caesars*,
   No. 21-CV-3909, 2021 WL 5050105 (E.D. Pa. Nov. 1, 2021) ..........................8

*In the Matter of Rules & Reguls. Implementing the Tel. Consumer
   Prot. Act of 1991*,
   7 FCC Rcd. 8752 (1992) ...................................................................................9

*Simmons v. Charter Commc'ns, Inc.*,
   222 F. Supp. 3d 121 (D. Conn. 2016), *aff'd*, 686 F. App'x 48 (2d
   Cir. 2017) ...................................................................................................11, 12

*Van Patten v. Vertical Fitness Grp. LLC*,
   847 F.3d 1037 (9th Cir. 2017) ........................................................................10

**Statutes**

47 U.S.C. § 227(c)(5) ........................................................................................1, 6

**Other Authorities**

47 C.F.R. § 64.1200(a)(2) .....................................................................................9

47 C.F.R. § 64.1200(c) ........................................................................................2, 7

47 C.F.R. § 64.1200(c)(2) .......................................................................1, 6, 7, 16

47 C.F.R. § 64.1200(d) .......................................................................3, 12, 14, 16

47 C.F.R. § 64.1200(d)(3) ...................................................................................6, 11

47 C.F.R. § 64.1200(f)(15) ....................................................................................8

Fed. R. Civ. P. 12(b)(6) .........................................................................................4

## ISSUES PRESENTED

(1)   Does Count I of the FAC fail to state a claim against Rocket Mortgage for violation of the TCPA's do-not-call regulations because it fails to allege that Rocket Mortgage lacked permission or invitation to send the challenged text messages?

(2)   Does Count I of the FAC fail to state a claim against Rocket Mortgage for violation of the TCPA's do-not-call regulations because it fails to allege that Rocket Mortgage failed to honor Plaintiff's purported "stop" texting request within a reasonable period?

(3)   Does Count I of the FAC fail to state a claim against Rocket Mortgage for violation of the TCPA's do-not-call regulations because it fails to allege that Rocket Mortgage lacked procedures for maintaining an internal do-not-call list?

(4)   Does Count II of the FAC fail to state a claim against Rocket Mortgage for willful violation of the TCPA's do-not-call regulations because (a) it is not an independent claim at all (but rather a form or relief), (b) it is entirely derivative of and fails with Count I, and (c) it fails to allege any willful conduct by Rocket Mortgage?

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

1) *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

2) *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)

3) *Benzion v. Vivint, Inc.*, No. 12-61826-CIV-ZLOCH/HUNT, 2014 WL 11531368 (S.D. Fla. Jan. 17, 2014)

4) *Bristow v. Am. Nat'l Ins. Co.*, No. 2:20-cv-10752, 2021 WL 2201171 (E.D. Mich. June 1, 2021)

5) *Lopreato v. Select Specialty Hosp. N. Ky.*, 640 F. App'x 438 (6th Cir. 2016)

6) *Nece v. Quicken Loans, Inc.*, No. 8:16-cv-2605-T-23CPT, 2018 WL 1326885 (M.D. Fla. Mar. 15, 2018)

7) *Orsatti v. Quicken Loans, Inc.*, No. 2:15-cv-09380-SVW-AGR, 2016 WL 7650574 (C.D. Cal. Sept. 12, 2016)

8) *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121 (D. Conn. 2016)

9) *Van Patten v. Vertical Fitness Grp. LLC*, 847 F.3d 1037 (9th Cir. 2017)

## **INTRODUCTION**

In this lawsuit, Plaintiff Dustin Shirley purports to assert claims against Rocket Mortgage—a multiple J.D. Power award winner for customer service in the mortgage loan industry—for alleged violations of the do-not-call regulations of the TCPA, 47 U.S.C. § 227(c)(5), arising from certain text messages he allegedly received from Rocket Mortgage.   Recognizing the merit of Rocket Mortgage's motion to dismiss his original complaint (ECF No. 10), Plaintiff choose to file the First Amended Complaint rather than respond to that motion.  ECF No. 14 ("FAC"). The problem for Plaintiff, however, is that the same pleadings defects Rocket Mortgage identified in his original complaint continue to persist in the FAC.  It is thus apparent that Plaintiff cannot cure them.  As demonstrated below, the FAC fails to state a TCPA claim and must be dismissed for four main reasons.

First, while the TCPA's do-not-call regulations prohibit placing "telephone solicitation" calls to residential telephone subscribers who have properly registered their telephone number on the National Do-Not-Call Registry *without their prior invitation or permission* (47 C.F.R. § 64.1200(c)(2)), Shirley still fails to plead Rocket Mortgage lacked his prior invitation or permission to send the challenged text messages.  It is black-letter law that a consumer's provision of his number to the caller constitutes such invitation or permission.  *See, e.g.*, *Hill v. Homeward Residential, Inc.*, 799 F.3d 544, 552 (6th Cir. 2015) ("[A] person gives his 'prior

1

express consent' under [the TCPA] if he gives a company his number before it calls him."). But Shirley continues to fail to plead any factual allegations that he did not provide his number to Rocket Mortgage in advance of the challenged text messages, even though Rocket Mortgage identified this pleadings defect in its original motion to dismiss (ECF No. 10 at 6).[1] He has thus again failed to state a cognizable claim for violation of 47 C.F.R. § 64.1200(c) in Count I.

Second, Shirley cannot salvage his claim in Count I by reference to his allegations that he received text messages after he purportedly sent a "Stop" message to Rocket Mortgage. FAC ¶¶ 20, 24. This is because, even assuming the truth of Plaintiff's allegations about a "Stop" message, Plaintiff does not allege receiving any text messages beyond the thirty-day time period allowed by the applicable

---

[1] This ongoing failure is not surprising because, as Rocket Mortgage demonstrates in its Motion to Compel Arbitration (ECF No. 9), Plaintiff not only expressly agreed to arbitrate the claims he asserts (improperly) in this lawsuit, but also gave his prior invitation or permission for Rocket Mortgage to send him the challenged text messages by providing his number to Rocket Mortgage as part of an online request for information about a mortgage loan. Notably, in his opposition (ECF No. 13) to Rocket Mortgage's arbitration motion, Plaintiff did not dispute that he gave Rocket Mortgage his telephone number as part of that online request (a concession this Court may take notice of in resolving this Motion (*e.g.*, *Johnson v. City of Saginaw*, No. 17-cv-13174, 2017 WL 6512451, at *3-4 (E.D. Mich. Dec. 20, 2017) (taking judicial notice on motion to dismiss of hearing transcripts in proceeding involving same parties, and of "facts which are not subject to reasonable dispute" (quoting *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 813, 816 (6th Cir. 2010)))). That constitutes his prior invitation or permission for the challenged text messages and forecloses his claim for violation of 47 C.F.R. § 64.1200(c) in Count I as a matter of law.

TCPA regulations to honor a request not to be called or texted.  Indeed, Plaintiff pleads no factual allegations about any text messages or communications received from Rocket Mortgage outside the thirty-day period following his alleged "Stop" request.  That failure is fatal to Count I.

Third, while Plaintiff adds (confusingly) a new claim for violation of 47 C.F.R. § 64.1200(d) in Count I in attempt to salvage this lawsuit, the claim rests upon a misstatement of the applicable law and is defectively pled.  Shirley wrongly asserts that the regulation "prohibit[s] the initiation of any call for telemarketing purposes…where the caller does not, *inter alia* 'honor a residential subscriber's do-not-call request within a reasonable time.'"  FAC ¶ 15.  But, the regulation actually only prohibits persons from making certain telemarketing calls without having certain *procedures* in place for maintaining an internal do-not-call list.  47 C.F.R. § 64.1200(d).  Plaintiff, of course, cannot state a claim for violation of a non-existent regulatory requirement.  And as to the actual regulation, Plaintiff fails to plead factual allegations that Rocket Mortgage lacks the requisite procedures for maintaining an internal do-not-call list.  This pleadings defect is not surprising given that the Southern District of Florida concluded that Rocket Mortgage had the requisite internal do-not-call list procedure in place as early as 2012—nine years before the 2021 text messages at issue here.  *Nece v. Quicken Loans, Inc.* (n/k/a/ Rocket Mortgage), No. 8:16-cv-2605-T-23CPT, 2018 WL 1326885, at *7-8 (M.D.

Fla. Mar. 15, 2018).  Plaintiff pleads (and there is) no plausible factual basis for this Court to conclude that Rocket Mortgage somehow had the requisite procedure in 2012, but did not in 2021.

<u>Finally</u>, Plaintiff's claim in Count II for a "willful" violation of the TCPA is not an independent claim at all, but instead pertains only to a form of relief. Moreover, even if it were a claim, it still fails to state a claim because (a) it is entirely derivative of and dependent upon Plaintiff's defective multi-part claim in Count I, and (b) Plaintiff has failed to allege any plausible factual allegations of willful conduct in violation of the TCPA by Rocket Mortgage (and instead improperly relies only upon the bald conclusion that Rocket Mortgage's conduct was willful).

For these reasons, and because it is now apparent that Plaintiff cannot cure the pleadings defects identified by Rocket Mortgage, the FAC fails to state a claim and should be dismissed with prejudice.

## **BACKGROUND**[2]

Plaintiff filed the original Complaint on December 27, 2021, alleging violations of the TCPA based on text messages he received from Rocket Mortgage. ECF No. 1.  In addition to filing a motion to compel Plaintiff's claims to arbitration

---

[2] As it is required to do by Fed. R. Civ. P. 12(b)(6), Rocket Mortgage treats Plaintiff's factual allegations as true for purposes of its Motion to Dismiss the FAC only.  In the event this matter proceeds beyond the Rule 12(b)(6) stage (and it should not), Rocket Mortgage reserves its right to contest Plaintiff's factual allegations.

(ECF No. 9), Rocket Mortgage timely moved to dismiss them for failure to state a claim on February 28, 2022.  ECF No. 10.  Instead of responding to Rocket Mortgage's motion to dismiss, Plaintiff filed the FAC on March 24, 2022.  ECF No. 14.

In his FAC, Plaintiff alleges that his purported cell phone number "has been listed on the National Do-Not-Call Registry since 2013."  FAC ¶¶ 5, 17.  He further alleges that he advised Rocket Mortgage "[i]n or around the summer of 2020" that he was "not interested in [its] services," but noticeably never alleges that Rocket Mortgage contacted him without his prior invitation, permission or consent.  He next contends that Rocket Mortgage sent "repeated" text messages and calls to his cell phone number.  FAC ¶¶ 5, 19, 20.  The FAC does not purport to identify any *calls* to his cellphone.  Instead, Plaintiff provides only a screenshot purporting to identify a text message from Rocket Mortgage on November 23, 2021, a "Stop" message sent in response to that message on November 23, 2021, and two text messages allegedly from Rocket Mortgage sent to his cellphone dated November 29, 2021.  *Id.* ¶ 20.  In addition, the FAC also now alleges nine additional text messages purportedly received by Plaintiff from Rocket Mortgage between November 30 and December 16, 2021, but provides no screenshots or other details regarding these texts messages (such as originating phone number or the message content) other than

5

the date and time of the alleged messages. *Id.* ¶ 24. Plaintiff does not allege that he received any text messages after December 16, 2021.

The FAC also alleges for the first time that Rocket Mortgage "deliberately programmed its telephone dialing systems to continue sending telemarketing messages to consumers for more than three weeks after receiving a 'Stop' request." FAC ¶ 23. Plaintiff, however, pleads no factual allegations supporting this conclusory allegation. There are, for example, no factual allegations about Rocket Mortgage's "dialing systems" or the purported "program[ing]" of the "systems." Nor are there any other allegations identifying the factual basis (if any) for Plaintiff's allegation, demonstrating that it amounts nothing more than rank speculation.

Against this background, the FAC contains two counts for violation of the TCPA against Rocket Mortgage: one count alleging a violation of the TCPA's do-not-call provision, 47 U.S.C. § 227(c)(5), and the FCC's implementing regulations, 47 C.F.R. §§ 64.1200(c)(2) and (d)(3); and one count asserting "Willful Violations" of the same provisions of the TCPA.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (citation omitted).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).   A plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).   Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   Application of these well-established principles, coupled with Plaintiff's continuing failure to remedy the pleadings defects identified in Rocket Mortgage's motion to dismiss his original complaint, requires that the FAC be dismissed with prejudice for failure to state a claim.

## ARGUMENT

### I.   Plaintiff Fails To State a TCPA Claim under 47 C.F.R. § 64.1200(c) (Count I).

Plaintiff's TCPA claim in Count I of the FAC is now pled in two parts.   In the first part, Plaintiff alleges a violation the National Do-Not-Call Registry regulation set forth in 47 C.F.R. § 64.1200(c)(2).   FAC ¶ 39.   That regulation prohibits certain "telephone solicitations" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry."   47 C.F.R. § 64.1200(c)(2).   A "telephone solicitation" is defined as "a telephone call or

message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services . . .  but such term does not include a call or message: (i) [t]o any person with that person's prior express invitation or permission."  47 C.F.R. § 64.1200(f)(15).  Here, Plaintiff's claim in Count I should be dismissed for the principal reason that he fails to plead the requisite element of a telephone solicitation.

Specifically, although Plaintiff alleges that he received "repeated telephone solicitations" from Rocket Mortgage (FAC ¶ 20 [3]), the FAC nowhere pleads that the messages were sent without his prior invitation or permission.  Nor does Plaintiff allege that he never provided his telephone number to Rocket Mortgage as part of a request for mortgage information (or otherwise disavow that he did so).  This continuing pleadings defect is fatal to Count I.  *See Pearsall v. Comenity Bank/Caesars*, No. 21-CV-3909, 2021 WL 5050105, at *4 (E.D. Pa. Nov. 1, 2021) (dismissing TCPA do-not-call claim where, although plaintiff alleged that she

---

[3] While Plaintiff is quick to reference "repeated telephone solicitations," the FAC only identifies the date, time and content of three text messages in a single screenshot.  FAC ¶ 20.  As to the remaining text messages Plaintiff alleges he received (FAC ¶ 24), Shirley fails to plead sufficient factual allegations (*e.g.*, content or the phone number of the sender) to carry his burden to demonstrate that it is plausible (not just possible) that they were sent by Rocket Mortgage.

received "over 200 calls," she failed to allege "that she did not consent to receive the calls").[4]

      The reason for two continuing pleading defects is obvious: Plaintiff cannot truthfully allege that he did not provide his number to Rocket Mortgage in advance of the challenged text messages because he did. This conclusion is reinforced by Plaintiff's response to Rocket Mortgage's motion to compel arbitration. There, Plaintiff (tellingly) did not dispute or otherwise contest Rocket Mortgage's evidentiary showing that Plaintiff in fact submitted his phone number as part of an online request for mortgage refinance information from Rocket Mortgage before the challenged text messages. ECF No. 9 at 3-5; ECF No. 13. Under these circumstances, the FAC and judicial record in this case provide this Court with no plausible basis to conclude that Plaintiff has alleged that any of challenged text messages were "telephone solicitations" sent without his prior invitation or permission. *See Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (court may consider "items appearing in the record of the case" on motion

---

[4] Plaintiff suggests that "prior express written consent" is required here (FAC ¶ 32(b)), but that is not accurate. That standard applies to a different TCPA regulation for prerecorded or artificial voice calls or calls made with an automatic telephone dialing system (47 C.F.R. § 64.1200(a)(2)) that are not at issue here. The do-not-call provision requires only prior invitation or permission, which need not be in writing. *See, e.g., In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 8752, 8756 (1992) (equating "invitation or permission" with "prior express consent," not "prior express *written* consent").

9

to dismiss); *City of Saginaw*, 2017 WL 6512451, at *3 ("a court may take judicial notice of other court proceedings").

Plaintiff's generalized allegation that he previously informed some unidentified Rocket Mortgage team member (employee) on some unidentified date by unidentified means that he was "not interested" in its services compels no different conclusion.  As an initial matter, this kind of vague and conclusory allegation devoid of factual enhancement is insufficient to sustain Plaintiff's burden to plead plausible factual allegations—not just conclusions.  *Twombly*, 550 U.S. at 570.  Moreover, Plaintiff's allegations about a prior expression of lack of interest are not, as a matter of law, sufficient to plead his revocation of his prior invitation or permission for communications from Rocket Mortgage.  This is because it does not contain the requisite clear expression of a desire not be called or texted in the future necessary to effect revocation as a matter of law.  *See Van Patten v. Vertical Fitness Grp. LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017) ("Revocation of consent must be clearly made and express a desire not to be called or texted.").  As such, the only plausible inference to be drawn from Plaintiff's allegations is that he did invite and give permission for Rocket Mortgage to call or text him.  Given this, and in the absence of any factual allegation in the FAC that the challenged messages were made without Plaintiff's invitation or permission, Plaintiff has failed to plead the requisite "telephone solicitations" element of his claim.

Faced with the lack of any factual allegations in his FAC that the challenged communications were made without Plaintiff's prior invitation or permission and failure to contest his prior consent or permission in response to the motion to compel arbitration, Rocket Mortgage anticipates that Plaintiff will invite this Court to allow his claim in Count I to proceed based his allegations that he purportedly texted "Stop" before receiving text messages between November 29, 2021 and December 16, 2021. This Court should decline that invitation as a matter of law. Even if those messages could be considered "telephone solicitations" (and they should not), they cannot save Count I under the applicable regulatory safe harbor. That safe harbor expressly provides a caller a "reasonable time," not to exceed 30 days, to honor a recipient's do-not-call request. 47 C.F.R. § 64.1200(d)(3).

Here, Plaintiff alleges he texted "Stop" to Rocket Mortgage on November 23, 2021 and that Rocket Mortgage sent additional texts between November 29 and December 16, 2021, and no text messages thereafter. The alleged time period to honor Plaintiff's request falls well short of the up-to-thirty-day period allowed under the regulation and recognized by courts as a reasonable time period to honor do-not-call requests. *Orsatti v. Quicken Loans, Inc.*, No. 2:15-cv-09380-SVW-AGR, 2016 WL 7650574, at *7 (C.D. Cal. Sept. 12, 2016) (dismissing claim based on subsequent call in same calendar month as do-not-call request); *Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016) (rejecting claim when

Defendant honored do-not-call request within thirty days), *aff'd*, 686 F. App'x 48 (2d Cir. 2017).

## II. Plaintiff Fails To State a TCPA Claim under 47 C.F.R. § 64.1200(d) (Count I).

In a new and second part of his claim in Count I, Plaintiff now alleges a violation of 47 C.F.R. § 64.1200(d).  This claim fails at its inception because it rests upon Plaintiff's misstatement and misunderstanding of the regulation.  He claims (incorrectly) that the regulation prohibits "the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not *inter alia*, 'honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made.'"  FAC ¶ 15.  But the regulation prohibits no such thing.

Instead, Section 64.1200(d) provides that  "No person or entity shall initiate … any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has *instituted procedures* for maintaining a list of persons who request not to receive [telemarketing] calls."  *Id.* (emphasis added).  A "violation of the [64.1200(d)]" therefore arises only where the caller initiates the "phone call without having implemented the minimum procedures."  *Charvat v. GVN Mich., Inc.*, 561 F.3d 623, 632 (6th Cir. 2009); *Simmons*, 222 F. Supp. 3d at 131 ("[i]n order to allege a violation of subsection (d), a plaintiff must show that the entity placing the calls failed to institute the proper procedures prior to the initiation of the call.");

*Benzion v. Vivint, Inc.*, No. 12-61826-CIV-ZLOCH/HUNT, 2014 WL 11531368, at *5 (S.D. Fla. Jan. 17, 2014) ("A plain reading of § 64.1200(d) reveals that any cause of action under it must include allegations that the consumer received a phone call from the telemarketer when the telemarketer did not have proper procedures in place to make such a phone call.").

Here, Plaintiff pleads no facts (none) regarding Rocket Mortgage's procedures for maintaining an internal do-not-call list.[5] That is the end of the inquiry with respect to the second part of Plaintiff's claim in Count I. *Benzion*, 2014 WL 11531368, at *5 (dismissing 64.1200(d) claim for failure to allege lack of procedure).

To the extent Plaintiff argues that his new allegation that Rocket Mortgage "deliberately programmed its telephone dialing systems to continue sending telemarketing messages to consumers for more than three weeks after receiving a 'Stop' request" (FAC ¶ 23) somehow supports a different conclusion, the argument will fail in multiple respects. First, the allegation is another conclusory assertion

---

[5] Plaintiff's pleadings failure is not surprising because, as the Southern District of Florida concluded in *Nece v. Quicken Loans, Inc.* (n/k/a/ Rocket Mortgage), Rocket Mortgage had the requisite internal do-not-call list procedure in place as early as 2012—nine years before the 2021 text messages at issue here. 2018 WL 1326885, at *7-8. Neither the allegations in the FAC nor common sense provide any plausible basis for this Court to conclude that Rocket Mortgage somehow had the requisite procedure in 2012 but not in 2021. Rather, the plausible inference to be drawn is that Rocket Mortgage has had the requisite procedure in place since at least 2012.

devoid of the requisite factual enhancement necessary to move it across the line from possible to plausible. *Twombly*, 550 U.S. at 557. Plaintiff, for example, pleads no factual allegations about the telephone dialing systems, including whether the identified systems had any connection to the challenged text messages, or the purported deliberate programming. Indeed, Plaintiff pled no allegations identifying the factual basis (if any) for his conclusory assertion, suggesting that it is based upon nothing more than improper and insufficient speculation.

Second, the allegation pleads nothing about whether Rocket Mortgage has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls (and, as the district court in *Nece*, *supra*, recognized, it has). Put differently, the alleged programming of unidentified telephone systems does not equate to the absence of Rocket Mortgage instituting the requisite procedure.

Third, the FAC's allegations are more consistent with the existence of the requisite procedure. This is because those allegations reveal that the alleged "Stop" request was recorded and implemented within a reasonable time, causing additional text messages to Plaintiff to stop. *Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''").

Plaintiff's claim in Count I under Section 64.1200(d) should be dismissed. *Benzion*, 2014 WL 11531368.

### III.    Count II Is Not a Separate Cause of Action.

In Count II, Plaintiff purports to assert a cause of action for "willful" violations under the TCPA.  That "claim" is defective in multiple respects, and so cannot save this lawsuit.

First, punitive damage awards for "willful" violations of the TCPA are, by definition, a remedy and not an independent cause of action.  *Lopreato v. Select Specialty Hosp. N. Ky.*, 640 F. App'x 438, 444-45 (6th Cir. 2016) ("[P]unitive damages claims … are 'not … separate cause[s] of action, but  . . . remed[ies] potentially available for another cause of action.'" (quoting *Dalton v. Animas Corp.*, 913 F. Supp. 2d 370, 378 (W.D. Ky. 2012)).

Second, Plaintiff's "claim" for "willful" violations is entirely derivative of his defective TCPA claim in Count I, and so fails with that claim for the reasons set forth in Section I and II above.  *Bristow v. Am. Nat'l Ins. Co.*, No. 2:20-cv-10752, 2021 WL 2201171, at *2 (E.D. Mich. June 1, 2021) (denying leave to amend complaint to add willful violation "claim" where TCPA claim would not survive dismissal).

Finally, Plaintiff fails to plead any factual allegation of the requisite "willful or knowing violation" of the TCPA by Rocket Mortgage.   There are, for example, no factual allegations that Rocket Mortgage was aware that it was allegedly violating the TCPA or willfully did so. *Bristow*, 2021 WL 2201171, at *2 ("[S]*omething more*

than a mere violation [of the TCPA] is required in order to elevate it to a willful or knowing one, lest *every* violation be subject to the treble damage provision . . .") (emphasis in original).   Here, Plaintiff's mere allegation that he received a text message in violation of 47 C.F.R. §§ 64.1200(c)(2) or (d) falls far short of alleging knowledge or willful conduct on the part of Rocket Mortgage.   *Id.* (rejecting allegation that failure to check National Do-Not-Call Registry alone constitutes willful violation).

## CONCLUSION

For the foregoing reasons, Rocket Mortgage respectfully requests that this Court grant its Motion and dismiss the FAC with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ W. Kyle Tayman
W. Kyle Tayman
Brooks R. Brown
GOODWIN PROCTER LLP
1900 N Street, NW
Washington, DC  20036
Tel.: +1 202 346 4000
Fax: +1 202 346 4444
BBrown@goodwinlaw.com
KTayman@goodwinlaw.com

Jeffrey B. Morganroth (P41670)
jmorganroth@morganrothlaw.com
MORGANROTH AND MORGANROTH PLLC
344 North Old Woodard Avenue, Suite 200
Birmingham, MI  48009
Tel.: +1 248 864 4000
Fax: +1 248 864 4001

*Counsel for Rocket Mortgage, LLC*

Dated:  April 7, 2022

## <u>LOCAL RULE CERTIFICATION</u>

I, W. Kyle Tayman, certify that Rocket Mortgage's Motion to Dismiss complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length pursuant to Local Rule 7.1(d)(3)(A).

/s/ W. Kyle Tayman
W. Kyle Tayman

18

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 7, 2022, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ W. Kyle Tayman
W. Kyle Tayman